Nov. Term,
1856.

Fleece
v.
The Indiana
and Illinois
Cent'l Rail-
road Co.

FLEECE, Administrator v. THE INDIANA AND ILLINOIS CEN-
TRAL RAILROAD COMPANY.

Suit by a railroad company against an administrator, to recover a sub-
scription of stock made by his decedent. To the subscription the fol-
lowing stipulation was appended: "Said subscription to be paid in
two cash notes 500 dollars each, due *December* 1853 and 1854, and to
have certificate when said notes become due." It was insisted *argu-
endo* that the company had no power to make such a condition. *Held*,
that if any condition was in fact made, it would, perhaps, be void, and
leave the subscription absolute.

The suit being against an administrator, the Common Pleas had juris-
diction, though the amount sued for exceeded 1,000 dollars.

The legislature has not included the actions specified in section 4 of the
Common Pleas act, as civil cases.

That act limited the term "civil cases," to that class of common-law ac-
tions not heretofore ranked with equitable, or fiduciary.

The actions contemplated in sections 11 and 12 of the Common Pleas act
and section 5 of the Circuit Court act, are different from those speci-
fied in section 4 of the Common Pleas act; and statutory provisions
touching the former class, do not necessarily affect the latter.

*Wednesday,*
*January* 14,
1857.

APPEAL from the *Hendricks* Court of Common
Pleas.

PERKINS, J.—Suit by the *Indiana and Illinois Central
Railroad Company* against *George Fleece*, administrator
of *John Stewart*, deceased, upon two subscriptions of
stock, one of which was as follows:

"We, the undersigned, promise to pay the sum of
50 dollars for each share of stock set opposite our names,
in such manner and proportions, and at such times, as
the president and directors of the *Indiana and Illinois
Central Railroad Company* may direct, without any relief
from valuation or appraisement laws. All payments
are to bear interest at 8 per cent. from the date of pay-
ment until the road is completed. Witness our hands,
the date set opposite our names, &c.

"*Oct.* 19, 1853. *John Stewart*, 20 shares, 1,000 dollars.
Said subscription to be paid in two cash notes, 500 dol-
lars each, due the 25th *December*, 1853 and 1854, and to

have certificate when said notes become due. Said Nov. Term,
1856.

FLEECE
v.
THE INDIANA
AND ILLINOIS
CENT'L RAIL-
ROAD CO. notes are on *Levi Pennington.*"

The other subscription is unconditional for eight shares, 400 dollars.

The complaint was demurred to, and the demurrer was overruled. An answer was filed, to which there was a reply. The cause was submitted to the Court. Finding and judgment for the plaintiff. The evidence is not upon the record.

No exception having been taken to the overruling of the demurrer, the question upon it was not saved.

The point pressed, however, in the brief is that the corporation had no power to make such condition as that appended to the subscription. If there is any force in it, perhaps the effect might be to render the condition void, if one has, in fact, been made, and leave the subscription absolute. *Western Plankroad Co.* v. *Stockton,* 7 Ind. R. 500.

The remaining point is that the Court had no jurisdiction, the amount claimed being 1,000 dollars and upward.

This action was against an administrator; and section 4 of the Common Pleas act gave that Court exclusive jurisdiction, amongst others, of "all actions against executors and administrators." Section 11 of of the same act gave the Common Pleas and the Circuit Courts concurrent jurisdiction "in all civil cases, except for slander, libel, &c., when the sum due," &c.

Now, though a suit against an administrator, or to obtain permission for a guardian to sell real estate, &c., may strictly be a civil suit in the broad sense of the term, yet the legislature has evidently not so classified them in the statute under consideration, but has limited the term civil case, to that class of common law actions, not heretofore ranked with equitable or fiduciary, in short, has not included under it those specified in the fourth section above cited.

And section five of the Circuit Court act which is relied upon as depriving the Common Pleas of jurisdic-

tion in the case before us, closely follows section 11 of the Common Pleas act, and provides that in slander, libel, &c., and " all other civil actions where," &c., thus plainly evincing that the legislature used the term in the same sense in these portions of both acts.   See 2 R. S. p. 260, s. 62, *et seq.*

The consequence is, that the actions contemplated in sections 11 and 12 of the Common Pleas act, and in section 5 of the Circuit Court act are different from those specified in the fourth section of the Common Pleas act, and that provisions in the statute touching the former class, do not necessarily affect the latter.

This deduction is in accordance with settled rules of construction of statutes.   *Murphy* v. *Barlow*, 5 Ind. R. 230.—*Simington* v. *The State*, 5 Ind. R. 479.—*The Mayor, &c.* v. *Weems et al*, 5 Ind. R. 547.—*The Board, &c.* v. *Cutler*, 6 Ind. R. 354.—*Stayton* v. *Hulings*, 7 Ind. R. 144.—*Spencer* v. *The State*, 5 Ind. R. 41.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Miller*, *H. C. Newcomb*, *J. S. Harvey*, and *J. S. Tarkington*, for the appellant.

*C. C. Nave*, for the appellee.